

GWEN ORLOWSKI, EXECUTIVE DIRECTOR

April 13, 2026

<u>Via ECF</u>
Hon. Ann Marie Donio, U.S.M.J.
U.S. District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
400 Cooper Street
Camden, New Jersey 08101

**Re:** ***Disability Rights New Jersey v. Adelman, et al.*, Case Number: 1:24-cv-00949-ESK-AMD**

Dear Judge Donio:

Please accept this letter as Plaintiff's request for leave of the Court to resolve a discovery dispute in the above-captioned matter. Per Local Civil Rule 37.1(a)(1) and Your Honor's judicial preferences, Plaintiff has made numerous good faith attempts to resolve this discovery dispute prior to seeking the Court's intervention. Plaintiff requests substantial outstanding discovery related to the exemplars described in Plaintiff's February 20, 2024 complaint.

On February 18, 2025, Your Honor ordered counsel to meet and confer to submit a proposed discovery plan to the Court by March 4, 2025. (*See* ECF No. 35). During that time, counsel agreed that service of initial written discovery would occur on April 15, 2025 with factual discovery completed by November 30, 2025. (*See* ECF No. 37). Your Honor ordered initial discovery requests to be served by April 15, 2025. (*See* ECF No. 41). On April 15, 2025, Plaintiff served interrogatories and notice to produce upon Defendants. (Attached as <u>Exhibit A</u>). On May 19, 2025, Defendants' counsel submitted a letter to the court jointly requesting the paper deadline for discovery to June 30, 2025. (*See* ECF No. 43). On May 27, 2025, Your Honor granted that extension. (*See* ECF No. 45).

On July 1, 2025, Defendants' counsel filed a letter to the Court asking for another extension to July 30, 2026. (*See* ECF No. 47). Your Honor granted that extension. (*See* ECF No. 47). On August 4, 2025, after a telephone conference with counsel, Your Honor again extended the discovery deadline to September 30, 2025. (*See* ECF No. 48). On September 25, 2025, Defendants' counsel submitted a letter to the Court requesting a 90-day extension of discovery from September 30, 2025. (*See* ECF No. 50). On November 17, 2025, Plaintiff's counsel submitted a letter to the Court extending fact discovery to February 27, 2026. (*See* ECF No. 57). Your Honor granted this request on November 19, 2025. (*See* ECF No. 58).

On February 25, 2026, Plaintiff's counsel submitted a letter to the Court stating "Plaintiff is waiting for Defendants to serve their final production, consisting mostly or entirely of medical records for exemplar patients…" (*See* ECF No. 61). In that letter, Plaintiff's counsel requested the Court enter an order for Defendants to complete production by March 27, 2026. (*See* ECF No. 61). After a phone conference on March 9, 2026, Your Honor issued an amended scheduling order. (*See* ECF No. 62). Your Honor's March 9, 2026 ordered "Plaintiff shall identify to Defendants by no later than March 13, 2026 the order of the 25 exemplar patients who records are to be produced. Defendants shall produce in accordance with Plaintiff's order on a rolling basis the remaining documents responsive to Plaintiff's document requests concerning these 25 exemplar patients, as set forth during the conference on March 9, 2026. Defendants' document production shall be completed by no later than March 27, 2026. (*See* ECF No. 62 ¶ 2).

On March 13, 2026, Plaintiff's counsel sent Defendants a letter, pursuant to Your Honor's March 9, 2026 order asking for production of the exemplar records which were not previously produced. (Attached as <u>Exhibit B</u> with exemplar names redacted). On March 27, 2026, Defendants produced certain discovery. After reviewing the March 27, 2026 discovery, on

April 1, 2026, Plaintiff sent Defendants a letter pertaining to the deficiencies in Defendants' exemplar records production. (Attached as Exhibit C with exemplar names redacted). In that April 1, 2026 letter, Plaintiff outlined a number of document deficiencies relating to specific exemplars.

On April 6, 2026, Plaintiff's counsel sent an email to Defendants' counsel requesting a response to Plaintiff's April 1, 2026 discovery letter. (Attached as Exhibit D). On April 7, 2026, Defendants' counsel responded via email that a responsive letter would be going out soon. (Attached as Exhibit E). Without further response, Plaintiff's counsel emailed Defendants' counsel again on April 9, 2026 requesting a response to Plaintiff's April 7, 2026 letter and requesting a good faith attempt to resolve these discovery disputes. (Attached as Exhibit F). Also on April 9, 2026, Plaintiff's counsel and Defendants' counsel spoke via telephone regarding the outstanding records. At that time, Defendants' counsel indicated that Defendants produced discovery related to every exemplar except one.

On April 10, 2026, Defendants' counsel emailed Plaintiff's regarding the outstanding exemplar discovery. (Attached as Exhibit G). Defendants' email addressed only some of the exemplars set forth by Plaintiff in its April 1, 2026 letter. Further, Defendants' counsel stated, "The remainder of the issues raised in your letter have to do with charts not being provided, or insufficient portions of the charts being provided. As I told Bren, we are open to discussing additional production." Also on April 10, 2026, Plaintiff's counsel responded via email. (Attached as Exhibit H).

Plaintiff respectfully requests the Court's permission for leave to file a motion related to this outstanding discovery. Counsel and the Court have discussed production of the exemplars' medical charts numerous times throughout the past year of document production. In Plaintiff's

3

April 15, 2025 discovery demand, Plaintiff requested "any and all records related to each and every exemplar listed in the complaint, the identities of which have been previously disclosed to counsel" to which Defendants did not object. However, Defendants now assert it would be "expanding the production" to include these records. The full medical records, rather than mere incident reports, of these exemplar patients are imperative given the serious and complex allegations in Plaintiff's complaint. The records are reasonably related and proportional to the needs of Plaintiff in discovery, which is not even disputable given that Defendants *have* furnished such records for certain exemplars.  At this point, we are faced with the simple matter of Defendants' compliance with the Court's order(s).

We appreciate Your Honor's assistance in this matter.

Respectfully,

BY:  */s/ Bren Pramanik*
Bren Pramanik, bpramanik@disabilityrightsnj.org
Craig Ismaili, cismaili@disabilityrightsnj.org


BY:  */s/ Rubin Sinins*
Rubin M. Sinins, rsinins@lawjw.com
Eric Kahn, ekahn@lawjw.com
David Menzel, dmenzel@lawjw.com
Brian Biglin, bbiglin@lawjw.com
JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.

*Attorneys for Plaintiff Disability Rights New Jersey*

cc:  Tom Hart, Esq.
Brion McGlinn, Esq.

4

# Exhibit A

DISABILITY RIGHTS NEW JERSEY
210 S. BROAD STREET, THIRD FLOOR
TRENTON, NEW JERSEY 08608
609-292-9742
Michael R. Brower (NJ ID: 013662012), mbrower@disabilityrightsnj.org
Bren Pramanik (NJ ID: 238512018), bpramanik@disabilityrightsnj.org
Adrienne N. Langlois (NJ ID: 396962022), alanglois@disabilityrightsnj.org
Craig P. Ismaili (NJ ID: 350712021), cismaili@disabilityrightsnj.org
*Attorneys for Plaintiff, Disability Rights New Jersey*

JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.
505 MORRIS AVENUE, SECOND FLOOR
SPRINGFIELD, NEW JERSEY 07081
973-379-4200
Rubin M. Sinins (NJ ID: 046701994), rsinins@lawjw.com
Eric G. Kahn (NJ ID: 021031993), ekahn@lawjw.com
David L. Menzel (NJ ID: 003571973), dmenzel@lawjw.com
*Attorneys for Plaintiff, Disability Rights New Jersey*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISABILITY RIGHTS NEW JERSEY, A New Jersey Nonprofit Corporation | : |
| Plaintiff, | : CIVIL ACTION NO. : 1:24-cv-00949-ESK-AMD |
| v. | : |
| | : |
| SARAH ADELMAN, In her Official Capacity as the Commissioner of the New Nersey Department of Human Services; KAITLAN BASTON, In her Official Capacity as the Acting Commissioner of the New Jersey Department of Health; NEW JERSEY DEPARTMENT OF HUMAN SERVICES; NEW JERSEY DEPARTMENT OF HEALTH; STATE OF NEW JERSEY | : : : **NOTICE TO PRODUCE** : **DOCUMENTS** : : : : |
| Defendants. | : : : |

2

# INSTRUCTIONS

### 1.    Scope of Response

Complete, non-evasive responses are required by law regarding any mater inquired into, not privileged, that is either relevant to the subject matter of the pending action or, even if the information sought herein may not be admissible at trial, is reasonably calculated to lead to the discovery of admissible evidence, whether the matter relates to any claim or defense of any party, including the existence, description, nature, custody, condition or location of any books, documents or other tangible things or the identity or location or persons having knowledge or any discoverable matter.

### 2.    Full Information

All information, however obtained, including hearsay that is available to you, and information known by or in your possession or in the possession of your attorneys, investigators, agents, employees, representatives, physicians, health care providers, counselors, therapists, or other persons acting or purporting to act on your behalf is to be divulged-and not merely such information known to you personally.

### 3.    Multi-part request

Where an individual request calls for a response that involves more than one part, each part of the response must be clearly set out so that it is understandable.

### 4.    Reasonable Investigation

You have a duty to conduct a reasonable investigation to obtain information necessary to respond to each request. If you cannot respond in full after exercising due diligence to secure the information to do so, so state and answer to the fullest extent possible, specifying your inability to respond to the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in your attempt to secure the unknown information.

### 5.    Supplementation

The requests which follow are to be regarded as continuing, and you are requested to provide, by way of supplemental responses thereto, such additional information as you, or any other person in your behalf, may hereafter obtain, which will augment, change, or otherwise modify your responses now given to the requests below. Such supplementary responses are to be filed and served upon plaintiff within fifteen (15) days after receipt of such information, but not later than two (2) weeks preceding the date of trial.

3

6.      **Objections**

In order to simplify the issues and resolve as many matters of fact as possible before trial, if you object or cannot provide responses to any of the requests or portions thereof, please respond to the fullest extent possible, together with the reasons for not responding fully set forth as well.

7.      **Claims of Privilege**

If you contend that you are entitled to withhold from production any document identified in a response on the basis of the attorney-client privilege, the work-product doctrine, or other ground then please supply the following information in your response with respect to each and every document:

    a)    Describe the nature of the document (e.g., letter or memorandum);

    b)    With respect to each document or communication to which a claim of privilege is being asserted, state:

        (i)    The date (s) the communication (s) occurred or the document (s) or its copy was created;

        (ii)    The number of copies of the document created;

        (iii)    The name, business address and present position of its originator(s) or author(s);

        (iv)    The position of its originator(s) or author(s) at the time the communication was made or the document or its copy was prepared;

        (v)    The name, business address and present position of each recipient of the communication or document or its copy;

        (vi)    The position of each recipient at the time the communication or document or its copy was prepared, and the time it was received; and

        (vii)    A general description of the subject of the communication or document or its copy.

    (c)    If work- product immunity is being asserted, identify the proceeding for which the document was prepared; and

    (d)    State the basis upon which you contend you are entitled to withhold the document from production.

8.      **Use of plural and singular words.**

Whenever used herein, the singular shall include the plural and vice versa.

## DEFINITIONS

1.    **"Document"**

The word "document," as used in these interrogatories, means any kind of written, typewritten, printed or recorded material whatsoever, including but without limitation, electronic, computerized, or other data compilations, notes, memoranda, letters, reports, telegrams, publications, recordings, transcriptions of recordings, writings, drawings, graphs, charts, photographs, phone records, microfilm, financial records, business records, or any other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form, whether or not in your possession or under the control, relating to or pertaining in any way to the subject matter to which the interrogatories refer, and includes, without limitation, originals, all file copies, all other copies ( with or without notes or changes thereon), no matter how prepared and all drafts, non – identical copies, working papers, routing slips and similar material prepared in connection with such documents, whether used or not. The word "document" specifically includes, information, including files, contained on you home computer and / or held separately by you, whether on a computer hard drive, computer diskettes, CD-Rom or back-up tapes.

2.    **"Identify" or "Identity" of Document**

Whenever you are requested to identify or asked the identity of a document, state the following with respect to each such document:

a.    The name, business affiliation and last known address of the person or persons who prepared said document and of the person or persons who signed said document or whose name it was issued;

b.    The name; business affiliation and address of each person to whom it was addressed;

c.    The nature and substance of the document with sufficient particularity to enable the same to be identified, including its tile and date, if any;

d.    The portion thereof which bears upon the subject inquired of in the interrogatory in question;

e.    The name, business affiliation and address of each person who presently has custody of the document or any copy of it;

f.    The location of said document and each copy of it; and

g.    Whether you will voluntarily make the document or a cop of it available for inspection and copying without a court order.

3.    **"Person"**

As used herein, the word "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to , an alien business organization, voluntary or unincorporated association, business, business organization, business venture, company, co-partnership, public or private corporation, entity, estate firm, governmental agency, bureau,

5

commission or department, joint stock company, joint venture, limited, organization, partnership, proprietorship, syndicate, trust, venture, etc.

4. **Identify or Identity of Person**

Whenever you are asked to identify or asked the identity of a person, state the following with respect to each individual:

    a.    The person's full name;
    b.    Each and every alias and previous name;
    c.    The present or last known mailing and / or street address;
    d.    The present or last known telephone number;
    e.    The last date known to you upon which said person received a communication at said address; and
    f.    When referring to a natural person, the present or last known place of said individual's place of employment.

5. **The Words "You," "Yours," or "Yourself"**

If the above-named party who is to answer the Interrogatories is a natural individual, as used herein, the words "you," "your," or "yourself" refer to said party, each of his or her agents, servants, employees, representatives, other persons in his or her control, and attorneys, and each person or purporting to act on his or her behalf.

If the above-named party which is to answer the instant Interrogatories is an entity or organization, as used herein, the words "you," "your," or "yourself" refer to said party, each of its parents, predecessors, subsidiaries, and affiliates, each of its present and former officers, employees, agents, representatives, and attorneys, and each person, either natural or fictitious, action or purporting to act on its behalf.

If the above-named party which is to answer the instant Interrogatories is more than one person, entity or organization, as used herein, the words "you," "your," or "yourself" refer to each person entity or organization individually as well as the person, entities, or organizations collectively.

6. **The Word "Representative"**

As used herein, the word "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other person acting or purporting to act on behalf of the person in question.

7. **"And" or "Or"**

Whenever used herein, the term "and" may be understood to mean "or " and vice versa, whenever such construction results in a broader request for information.

## DOCUMENTS TO BE PRODUCED

1. Any and all violence prevention policies and procedures for Ancora Psychiatric Hospital, Greystone Psychiatric Hospital, Trenton Psychiatric Hospital, and Ann Klein Forensic Center;

2. Any and all information related to training staff at the hospitals about violence prevention policies and procedures;

3. Any and all policies and procedures related to the use of seclusion and restraints for Ancora Psychiatric Hospital, Greystone Psychiatric Hospital, Trenton Psychiatric Hospital, and Ann Klein Forensic Center;

4. Any and all information related to training staff at the hospitals about policies and procedures related to the use of seclusion and restraints, including, but not limited, to the National Association of State Health Programs Directors' Six Core Strategies;

5. Any and all data related to seclusion and restraint that is collected: (a) on patients who are put on seclusion and restraint on more than one occasion in the previous twelve months, (b) about the use of seclusion and restraints in the aggregate in the previous twelve months, and (c) as part of any hospital's performance improvement plan;

6. Any incident reports which have been classified as either major or moderate for each of the four hospitals from January 2024 to present;

7. Any and all investigation reports from January 2024 to present regarding incidents of patient-to-patient assaults, patient-to-staff assaults, and alleged staff-to-patient abuse;

8. Any and all internal investigative reports, root cause reports, or other documents evidencing further investigation into incidents reported in unusual incident reports for major and moderate incidents from January 2024 to the present;

9. The number of lost workdays related to patient-to-staff violence from January 2024 to present;

10. Any and all Violence Reduction Plans for each hospital for calendar years 2022, 2023, and 2024 including the annual evaluation of each plan's effectiveness;

11. Any and all Performance Plans required by the Joint Commission for each hospital for calendar years 2022, 2023, and 2024, including the annual evaluation of each plan's effectiveness;

12. Any and all information related to the extent to which direct care staff are consistently assigned to the same unit;

13. Any and all meeting notes and/or minutes which pertain to conditions, violence, safety, or discharge planning, from the Incident Review Committees for each of the four hospitals from January 2024 to present;

14. Any and all meeting notes and/or minutes which pertain to conditions, violence, safety, or discharge planning, from the Safety Review Committee for each of the four hospitals from January 2024 to present;

15. Any and all meeting notes and/or minutes which pertain to conditions, violence, safety, or discharge planning, from the Performance Improvement Committee for each of the four hospitals from January 2024 to present;

16. Any and all programming schedules for each hospital during calendar year 2024;

17. For the period of January 2024 to present, any and all data the Department of Health and the four hospitals collect on implementation of programming (e.g. hours of programs scheduled per week), including, but not limited to:

   (a) the percentage of patients who attended the scheduled programs;

8

(b) documentation of excused absences due to patient or staff unavailability; and

(c) any evidence of treatment plan modification (i) when a patient regresses (including, but not limited to, instances of violence or instances where a patient is placed in seclusion or restraints) and (ii) when a patient progresses (including, but not limited to, when a patient achieves specific goals in their treatment plan)

18. Any and all evidence of what observations or documentation is completed to ensure staff compliance with training, including, but not limited to, if they are observed by a supervisor on the unit, from each of the four hospitals, from January 2024 to present;

19. The staffing levels at each hospital for the last six months preceding this request, including, but not limited to, the number of psychiatrists, psychologists, social workers, RNs, LPNs, HSA/Ts at each hospital, compared to the target for full staffing;

20. Any and all documentation for each hospital of the amount of overtime hours used in direct care (RN, LPN, and HSA/T) in each pay period for the last six months preceding the date of this request;

21. Any measures the hospitals have used from January 2024 to present to ensure consistent and sufficient staffing at each of the four hospitals;

22. Any and all Center for Medicare/Medicaid Services surveys for each hospital from January 2022 to present;

23. Any and all discharge policies and procedures for Ancora Psychiatric Hospital, Ann Klein Forensic Center, Trenton Psychiatric Hospital, and Greystone Psychiatric Hospital;

24. Any and all current policies and procedures outlining how each hospital's "Olmstead Team" is involved in the discharge planning process;

9

25. Any and all job titles and job descriptions for any and all staff currently employed in each hospital's "Olmstead Team";

26. Any documentation demonstrating the measures hospitals have used to enforce their stated policies that "discharge planning begins upon admission" from January 2024 to present;

27. From each of the four hospitals, the following information on any individual who was or has been on CEPP status for any point from the period of January 2024 onward:

    a.  Face sheet;

    b.  Progress notes starting from 2 months prior to CEPP status order;

    c.  Social services notes pertaining to discharge;

    d.  All placement communications;

    e.  Assessment packets that are sent out to providers;

    f.  Psychiatric assessment, most current, or for each year of CEPP status order;

    g.  Violence and Risk assessments, most current or for each year of CEPP status order;

    h.  Discharge arrangements, including financial and medical;

    i.  All civil commitment orders, starting three months prior to CEPP status order;

    j.  Court hearing summaries, starting three months prior to CEPP status order;

    k.  Psychiatric commitment hearing reports, starting three months prior to CEPP status order;

    l.  Social Service CEPP hearing reports, starting three months prior to CEPP status order;

m. All SSPRC social service addendum and CARP reports, starting three months prior to CEPP status order;

28. Documentation of the extent to which community providers are involved in a patient's care or treatment while hospitalized throughout their hospitalization, as opposed to only when they are at the point of discharge of placement on CEPP status, in the form of client files for individuals currently on CEPP status;

29. Written discharge plans, including discharge address and, if any, the name of the service provider for any and all patients on CEPP status who have been discharged from each of the four hospitals in the thirty (30) days prior to the request,

30. Any and all copies of the most recent treatment plan for every CEPP patient who has been labeled "refusing", "lack of insight", or "discharge hesitant" as a barrier to discharge;

31. The names of all provider agencies that have been involved in treatment during a patient's stay at any of the four hospitals in the past year, in the form of directories of provider agencies;

32. The number of Peer Recovery Specialists employed at each hospital, the job titles for the Peer Specialists, and a copy of the job description for those titles;

33. Evaluations of PACT Team compliance with the fidelity measures established as an evidence-based practice;

34. Information about the wait lists for PACT Team enrollment, by county, from the last six months preceding this request;

11

35. Any and all reports or documentation of fidelity testing/evaluation/ monitoring of community-based mental health services, such as PACT and RIST teams from the last six months preceding this request;

36. Any and all reports or documentation evidencing research, planning, or efforts made to increase the supply of affordable independent housing from January 2022 to present;

37. The identified "Opportunities for Improvement" resulting from the monthly meetings of the Central Office DOH and DHS staff.

38. Any and all policies, procedures, and documentation evidencing ongoing practices at each of the four hospitals regarding referrals to community agencies;

39. Access to the BEDS database or any other compendium of information regarding available community placements, housing, group homes, supervised apartments, or other discharge locations for hospital patients;

40. The names and discharge planning files of any and all individuals who are currently or have been classified as "discharge resistant" or "discharge hesitant" at each of the four hospitals from January 2024 to present; and

41. Any and all records related to each and every exemplar listed in the complaint, the identities of which have been previously disclosed to counsel.

We appreciate your cooperation with these requests.

BY: /s/ Bren Pramanik
Bren Pramanik, bpramanik@disabilityrightsnj.org
Adrienne N. Langlois, alanglois@disabilityrightsnj.org
Craig P. Ismaili, cismaili@disabilityrightsnj.org
DISABILITY RIGHTS NEW JERSEY
210 S. BROAD STREET, THIRD FLOOR
TRENTON, NEW JERSEY 08608
609-292-9742

12

Attorneys for Plaintiff, Disability Rights New Jersey

BY:   /s/ Rubin Sinins
      Rubin M. Sinins, rsinins@lawjw.com
      Eric Kahn, ekahn@lawjw.com
      David Menzel, dmenzel@lawjw.com
      JAVERBAUM WURGAFT HICKS KAHN WIKSTROM
      & SININS, P.C.
      505 MORRIS AVENUE, SECOND FLOOR
      SPRINGFIELD, NEW JERSEY 07081
      973-379-4200
      Attorneys for Plaintiff, Disability Rights New Jersey

13

# Exhibit B



March 13, 2026

Thomas Hart, Esq.
Brion D. McGlinn, Esq.
Ruprecht Hart
53 Cardinal Drive, Suite 1
Westfield, NJ 07090

**Re:**    **Disability Rights New Jersey v. Adelman, et al.**
       **Case Number: l:24-cv-00949-ESK-AMD**

Dear Mr. Hart,

Pursuant to Judge Donio's Order dated March 9, 2026, please find the production order for the 25 exemplar patients whose records are to be produced by Defendants. We request the production of all outstanding records, starting with all those exemplars whose records have NOT been produced. Per Judge Donio's Order, the CEPP patients' records are the priority, followed by the only CEPP and hospital conditions patient, and finally the hospital conditions patients and unexpected deaths patients.

CEPP Patients Only:
1. ███████
2. ███████
3. ███████
4. ███████
5. ███████

Both CEPP and Hospital Conditions Patient:
1. ███████

Hospital Conditions Patients Only:
1. ███████
2. ███████
3. ███████
4. ███████
5. ███████
6. ███████
7. ███████
8. ███████
9. ███████

10. ▮▮▮▮▮▮
11. ▮▮▮▮▮

Unexpected Death Patients:
1. ▮▮▮▮▮
2. ▮▮▮▮▮
3. ▮▮▮▮▮
4. ▮▮▮▮▮
5. ▮▮▮▮▮
6. ▮▮▮▮▮
7. ▮▮▮▮▮

Pursuant to this same Order, Plaintiff expects all outstanding document production will be completed by March 27, 2026.

Thank you for your attention to this matter.

Sincerely,



By:    Bren Pramanik

cc:    Rubin Sinins, Esq.
       Brian Biglin, Esq.

Exhibit C



**GWEN ORLOWSKI,** *EXECUTIVE DIRECTOR*

April 1, 2026

<u>Via e-mail only</u>
Thomas Hart, Esq.
Ruprecht Hart
53 Cardinal Drive, Suite 1
Westfield, NJ 07090

  Re: ***Disability Rights New Jersey v. Adelman, et al.,*** **No. 1:24-cv-00949-ESK-AMD**

Dear Mr. Hart:

  We write to follow up on the Amended Scheduling Order entered by Judge Donio on March 9, 2026, which required Defendants to complete document production for the 25 Exemplar patients by no later than March 27, 2026. Our review of the discovery produced as of March 27, 2026 reveals significant deficiencies remain in the production of responsive documents.

  We are currently in the process of reviewing the discovery produced thus far by Defendants. Based on our review, the discovery production falls into three categories: (1) exemplars for whom we appear to have received complete or substantially complete hospital records; (2) exemplars for whom the State provided only partial or severely incomplete records; and (3) exemplars for whom the State provided either no hospital records at all or only incident/investigation reports. The details are set forth below:

  1. **<u>Exemplars with Significant Hospital Records Received</u>**

  As of Defendants' most recent production dated March 27, 2026, we have received a significant amount of hospital records for the following exemplars:

- █████████
- █████████



**Request**: Please confirm that the records produced for the nine individuals listed above represent the entirety of the hospital records responsive to Plaintiff's document requests for these exemplars, or provide a date by which you will supplement records for these exemplars to completely satisfy the Court's Amended Scheduling Order.

## II. Partial or Incomplete Hospital Records Received.

A. D█████ V█████████

**Deficiency:** The State has provided 1,300 pages of records from Ann Klein Forensic Center ("AKFC"), but none from his treatment at Greystone Park ("GPPH").

**Request:** Please produce all hospital records from GPPH for D████ V██████████.

B. B████ M████

**Deficiency:** B████ M████ was treated at Ancora starting March 4, 2021, yet the State has only provided partial records with some entries dating back to two months before the patient's unexpected death, and the patient's interdisciplinary team notes go back only one month prior to death. No medical records were provided for B████ M████ except for one lab report.

**Request:** Please produce complete hospital records for B████ M████ from the commencement of her treatment at Ancora through the date of her death, including all medical records.

C. A████ M████

**Deficiency:** Patient was treated at Ancora for over 20 years, yet the State has only provided progress notes and treatment plans dating back to the month prior to her death.

**Request:** Please produce complete hospital records for A███ M███ for the twelve months prior to A███ M███ death, as well as all records and documentation related to her death.

### III. No Hospital Records Received or Only Incident Reports Received

Furthermore, there are many exemplar patients for whom we have received either no responsive records, or only incident and investigation reports without any medical records. **Deficiency:** We have received no discovery for H██ M███, M████ M██, A██ L█████, and J██ R████. For J████ M█████, M████ P███, S███ S███, ███████, B██ W██, and R███ W███, the State's production was limited to incident and investigation reports furnished with all other incident reports. P███ M████'s records consisted only of SSPRC reports received incidentally through other discovery responses. These limited productions do not satisfy the requirements for full hospital records as contemplated by the Plaintiff's discovery requests and the Court's Scheduling Order.

**Request:** Please produce complete hospital records for all eleven individuals listed above.

The Court ordered that the production of all remaining documents responsive to requests for the 25 exemplar patients be completed by no later than March 27, 2026. We remind you that the failure of a party to obey this order may result in the imposition of sanctions under Federal Rule of Civil Procedure 16(f). We note that you have not requested an extension of time from the Court to complete your production. Please respond in writing, specifically addressing whether or not you object to the requests we have articulated. If any of the records requested do not exist, please state so. Given the passage of the Court-ordered deadline, please send us your response as soon as possible. If there are, in fact, outstanding documents, please provide a timeline for the delivery of the remaining records for these individuals at your earliest convenience.

3

We hope to resolve these outstanding deficiencies to avoid the necessity of seeking judicial intervention.  We will identify any defaults or disputes that remain uncured in a letter to the Court.

Respectfully,

BY:     /s/ Bren Pramanik
        Bren Pramanik, bpramanik@disabilityrightsnj.org
        Adrienne N. Langlois, alanglois@disabilityrightsnj.org

BY:     /s/ Rubin Sinins
        Rubin M. Sinins, rsinins@lawjw.com
        Eric Kahn, ekahn@lawjw.com
        David Menzel, dmenzel@lawjw.com
        Brian Biglin, bbiglin@lawjw.com
        **JAVERBAUM WURGAFT HICKS KAHN
        WIKSTROM & SININS, P.C.**

        *Attorneys for Plaintiff Disability Rights New Jersey*

4

# Exhibit D

 Outlook

## Re: Disability Rights New Jersey v. State of New Jersey, et al.

**From** Bren Pramanik <bpramanik@disabilityrightsnj.org>

**Date** Mon 4/6/2026 3:39 PM

**To**     Craig Ismaili <cismaili@disabilityrightsnj.org>; Brion D. McGlinn <bmcglinn@rhwlawfirm.com>; Thomas Hart <thart@rhwlawfirm.com>

**Cc**     Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <rsinins@lawjw.com>

Good afternoon,

In light of upcoming discovery deadlines, we kindly request a prompt response to Plaintiff's discovery deficiency letter dated April 1, 2026.

Thank you,
Bren

**Bren Pramanik**
**Legal Director**
bpramanik@disabilityrightsnj.org
direct/vm: 609-363-3458



210 South Broad Street, Third Floor
Trenton, NJ 08608

800.922.7233 (NJ Only) | 609.292.9742
609.633.7106 (TTY) | 609.777.0187 (FAX)

disabilityrightsnj.org

@disabilityrightsnewjersey   @advocateDRNJ   @disability-rights-nj

### ADVANCING JUSTICE. ADVOCATING INCLUSION.

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.

**From:** Craig Ismaili <cismaili@disabilityrightsnj.org>
**Sent:** Wednesday, April 1, 2026 11:21 AM
**To:** Brion D. McGlinn <bmcglinn@rhwlawfirm.com>; Thomas Hart <thart@rhwlawfirm.com>
**Cc:** Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <rsinins@lawjw.com>; Bren Pramanik <bpramanik@disabilityrightsnj.org>
**Subject:** Disability Rights New Jersey v. State of New Jersey, et al.

Counsel,

On behalf of Plaintiff, Disability Rights New Jersey, please see the attached letter following up on the Amended Scheduling Order entered by Judge Donio on March 9, 2026.

Best,

**Craig Ismaili**

*Supervising Attorney*
cismaili@disabilityrightsnj.org
direct/vm: 609-363-3429



210 South Broad Street, Third Floor
Trenton, NJ 08608

800.922.7233 (NJ Only) | 609.292.9742
609.633.7106 (TTY) | 609.777.0187 (FAX)

disabilityrightsnj.org

@disabilityrightsnewjersey    @advocateDRNJ    @disability-rights-nj

**ADVANCING JUSTICE. ADVOCATING INCLUSION.**

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.

Exhibit E

 **Outlook**

---

**Re: Disability Rights New Jersey v. State of New Jersey, et al.**

---

**From** Brion D. McGlinn <bmcglinn@rhwlawfirm.com>

**Date** Tue 4/7/2026 9:09 AM

**To** Bren Pramanik <bpramanik@disabilityrightsnj.org>

**Cc** Craig Ismaili <cismaili@disabilityrightsnj.org>; Thomas Hart <thart@rhwlawfirm.com>; Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <RSinins@LawJW.com>

Hi Bren:

We will have a responsive letter going out soon.

Thanks,

Brion

Sent from my iPhone

> On Apr 6, 2026, at 3:40 PM, Bren Pramanik <bpramanik@disabilityrightsnj.org> wrote:

> **External sender** <bpramanik@disabilityrightsnj.org>
> Make sure you trust this sender before taking any actions.

Good afternoon,

In light of upcoming discovery deadlines, we kindly request a prompt response to Plaintiff's discovery deficiency letter dated April 1, 2026.

Thank you,
Bren

**Bren Pramanik**
**Legal Director**
bpramanik@disabilityrightsnj.org
direct/vm: 609-363-3458

<Outlook-aeshplxf.png>

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the

taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.

---

**From:** Craig Ismaili <cismaili@disabilityrightsnj.org>
**Sent:** Wednesday, April 1, 2026 11:21 AM
**To:** Brion D. McGlinn <bmcglinn@rhwlawfirm.com>; Thomas Hart <thart@rhwlawfirm.com>
**Cc:** Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <rsinins@lawjw.com>; Bren Pramanik <bpramanik@disabilityrightsnj.org>
**Subject:** Disability Rights New Jersey v. State of New Jersey, et al.

Counsel,

On behalf of Plaintiff, Disability Rights New Jersey, please see the attached letter following up on the Amended Scheduling Order entered by Judge Donio on March 9, 2026.

Best,

**Craig Ismaili**
*Supervising Attorney*
cismaili@disabilityrightsnj.org
direct/vm: 609-363-3429

<image001.png>

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.

Exhibit G

 Outlook

---

## Re: Disability Rights New Jersey v. State of New Jersey, et al.

---

**From** Bren Pramanik <bpramanik@disabilityrightsnj.org>

**Date** Thu 4/9/2026 9:12 AM

**To**   Brion D. McGlinn <bmcglinn@rhwlawfirm.com>

**Cc**   Craig Ismaili <cismaili@disabilityrightsnj.org>; Thomas Hart <thart@rhwlawfirm.com>; Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <RSinins@LawJW.com>

Counsel:

Per Judge Donio's judicial preferences, counsel shall meet and confer in a good faith attempt to informally resolve all discovery disputes before seeking the Court's intervention. Per our letter on April 1st, we have provided you with our areas of concerns as it relates to outstanding discovery.

We can speak via phone or Zoom today or tomorrow; however, if anything raised by our April 1st letter is not cured this week or resolved by a suitable, agreed upon arrangement, we will contact Judge Donio on Monday to seek leave to move to compel and seek costs and fees.

Please let us know if you would like a phone or Zoom call.

Thank you,
Bren

**Bren Pramanik**
Legal Director
bpramanik@disabilityrightsnj.org
direct/vm: 609-363-3458



⊙ 210 South Broad Street, Third Floor
   Trenton, NJ 08608

📞 800.922.7233 (NJ Only) | 609.292.9742
   609.633.7106 (TTY) | 609.777.0187 (FAX)

🌐 disabilityrightsnj.org

ⓕ @disabilityrightsnewjersey   🐦 @advocateDRNJ   🔗 @disability-rights-nj

## ADVANCING JUSTICE. ADVOCATING INCLUSION.

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.

---

**From:** Brion D. McGlinn <BMcGlinn@rhwlawfirm.com>
**Sent:** Tuesday, April 7, 2026 9:08 AM
**To:** Bren Pramanik <bpramanik@disabilityrightsnj.org>

**Cc:** Craig Ismaili <cismaili@disabilityrightsnj.org>; Thomas Hart <THart@rhwlawfirm.com>; Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <RSinins@lawjw.com>

**Subject:** Re: Disability Rights New Jersey v. State of New Jersey, et al.

Hi Bren:

We will have a responsive letter going out soon.

Thanks,

Brion

Sent from my iPhone


> On Apr 6, 2026, at 3:40 PM, Bren Pramanik <bpramanik@disabilityrightsnj.org> wrote:


**External sender** <bpramanik@disabilityrightsnj.org>
Make sure you trust this sender before taking any actions.

Good afternoon,

In light of upcoming discovery deadlines, we kindly request a prompt response to Plaintiff's discovery deficiency letter dated April 1, 2026.

Thank you,
Bren

**Bren Pramanik**
Legal Director
bpramanik@disabilityrightsnj.org
direct/vm: 609-363-3458

<Outlook-aeshplxf.png>

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.

**From:** Craig Ismaili <cismaili@disabilityrightsnj.org>
**Sent:** Wednesday, April 1, 2026 11:21 AM
**To:** Brion D. McGlinn <bmcglinn@rhwlawfirm.com>; Thomas Hart <thart@rhwlawfirm.com>
**Cc:** Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <rsinins@lawjw.com>; Bren Pramanik

<bpramanik@disabilityrightsnj.org>

**Subject:** Disability Rights New Jersey v. State of New Jersey, et al.

Counsel,

On behalf of Plaintiff, Disability Rights New Jersey, please see the attached letter following up on the Amended Scheduling Order entered by Judge Donio on March 9, 2026.

Best,

**Craig Ismaili**
*Supervising Attorney*
cismaili@disabilityrightsnj.org
direct/vm: 609-363-3429

<image001.png>

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.

Exhibit F

 Outlook

---

RE: Disability Rights New Jersey v. State of New Jersey, et al.

---

**From** Brion D. McGlinn <bmcglinn@rhwlawfirm.com>

**Date** Fri 4/10/2026 7:29 PM

**To** Craig Ismaili <cismaili@disabilityrightsnj.org>; Thomas Hart <thart@rhwlawfirm.com>

**Cc** Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <RSinins@LawJW.com>; Bren Pramanik <bpramanik@disabilityrightsnj.org>

Good evening:

With regard to your letter of April 1st, and as discussed in part with Bren yesterday, defendants respond as follows.

It appears, both from your letter and our call yesterday, that you are under the impression that there are many exemplars for which no records whatsoever were produced. In Point III of your letter, four such patients are named. However, records for those four exemplars were in fact produced, as noted below:

- HM: Records were produced for this patient (see eg TPH37898)
- MM: This patient's chart was produced and is searchable by the patient's last name within the defendants' production)
- AL: Records concerning this incident were served on 9/12/25
- JR: Records concerning this incident were served on 9/12/25

One exemplar for which records were not produced is Conditions Exemplar #11. As noted in the complaint, this has to do with a patient who witnessed another patient fall and staff allegedly refused to help, and complaints about alleged insufficiency of cleaning of the patient's room. After a search, Greystone has no record of these incidents or any complaints thereof.

The remainder of the issues raised in your letter have to do with charts not being provided, or insufficient portions of the charts being provided. As I told Bren, we are open to discussing additional production.

However, there would have to be some discussion and agreement about scope and relevance. By way of example, Unexpected Death exemplar #1 concerns a discrete incident that took place on one day. However, this patient was in the hospital for seven years before that. Defendants fail to see the relevance of producing records from seven years before the incident and certainly it would be burdensome on the hospital to do so.

Therefore, we remain open to potentially expanding the production provided the plaintiff can articulate a reason for doing so. We are happy to meet and conder on this issue at your convenience.

Have a good weekend,

Brion

---

**From:** Craig Ismaili <cismaili@disabilityrightsnj.org>
**Sent:** Wednesday, April 1, 2026 11:22 AM
**To:** Brion D. McGlinn <BMcGlinn@rhwlawfirm.com>; Thomas Hart <THart@rhwlawfirm.com>

**Cc:** Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <rsinins@lawjw.com>; Bren Pramanik <bpramanik@disabilityrightsnj.org>
**Subject:** Disability Rights New Jersey v. State of New Jersey, et al.

> **External sender** <cismaili@disabilityrightsnj.org>
> Make sure you trust this sender before taking any actions.

Counsel,

On behalf of Plaintiff, Disability Rights New Jersey, please see the attached letter following up on the Amended Scheduling Order entered by Judge Donio on March 9, 2026.

Best,

**Craig Ismaili**
*Supervising Attorney*
cismaili@disabilityrightsnj.org
direct/vm: **609-363-3429**



210 South Broad Street, Third Floor
Trenton, NJ 08608

800.922.7233 (NJ Only) | 609.292.9742
609.633.7106 (TTY) | 609.777.0187 (FAX)

disabilityrightsnj.org

@disabilityrightsnewjersey  @advocateDRNJ  @disability-rights-nj

**ADVANCING JUSTICE. ADVOCATING INCLUSION.**

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.

Exhibit H

 Outlook

---

## Re: Disability Rights New Jersey v. State of New Jersey, et al.

**From** Bren Pramanik <bpramanik@disabilityrightsnj.org>

**Date** Fri 4/10/2026 8:39 PM

**To** Brion D. McGlinn <bmcglinn@rhwlawfirm.com>; Craig Ismaili <cismaili@disabilityrightsnj.org>; Thomas Hart <thart@rhwlawfirm.com>

**Cc** Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <RSinins@LawJW.com>

📎 2 attachments (714 KB)

Ltr -Discovery demands to Defs.pdf; Notice to Produce.pdf;

Brion,

I have attached a copy of our discovery demands originally sent on April 15, 2025. In the notice to produce, Plaintiff requested "any and all records related to each and every exemplar listed in the complaint, the identities of which have been previously disclosed to counsel."

At no point in the previous year has Defense counsel objected to this request, asked for clarification, or asked about scope or relevance. This concern was also not raised during our recent phone conference with Judge Donio. Rather, counsel confirmed that turning over outstanding exemplar records would be prioritized. However, records concerning particular incidents for certain exemplars do not fulfill our request for any and all records for each exemplar.

Please indicate a reasonable timeline in which Defendants can produce the requested records for exemplars.

Thank you,
Bren

**Bren Pramanik**
**Legal Director**
bpramanik@disabilityrightsnj.org
direct/vm: 609-363-3458



📍 210 South Broad Street, Third Floor
Trenton, NJ 08608

📞 800.922.7233 (NJ Only) | 609.292.9742
609.633.7106 (TTY) | 609.777.0187 (FAX)

🌐 disabilityrightsnj.org

▣ @disabilityrightsnewjersey  🐦 @advocateDRNJ  ▣ @disability-rights-nj

## A D V A N C I N G   J U S T I C E .   A D V O C A T I N G   I N C L U S I O N .

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.

**From:** Brion D. McGlinn <BMcGlinn@rhwlawfirm.com>
**Sent:** Friday, April 10, 2026 7:28 PM
**To:** Craig Ismaili <cismaili@disabilityrightsnj.org>; Thomas Hart <THart@rhwlawfirm.com>
**Cc:** Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <rsinins@lawjw.com>; Bren Pramanik <bpramanik@disabilityrightsnj.org>
**Subject:** RE: Disability Rights New Jersey v. State of New Jersey, et al.

Good evening:

With regard to your letter of April 1st, and as discussed in part with Bren yesterday, defendants respond as follows.

It appears, both from your letter and our call yesterday, that you are under the impression that there are many exemplars for which no records whatsoever were produced. In Point III of your letter, four such patients are named. However, records for those four exemplars were in fact produced, as noted below:

- HM: Records were produced for this patient (see eg TPH37898)
- MM: This patient's chart was produced and is searchable by the patient's last name within the defendants' production)
- AL: Records concerning this incident were served on 9/12/25
- JR: Records concerning this incident were served on 9/12/25

One exemplar for which records were not produced is Conditions Exemplar #11. As noted in the complaint, this has to do with a patient who witnessed another patient fall and staff allegedly refused to help, and complaints about alleged insufficiency of cleaning of the patient's room. After a search, Greystone has no record of these incidents or any complaints thereof.

The remainder of the issues raised in your letter have to do with charts not being provided, or insufficient portions of the charts being provided. As I told Bren, we are open to discussing additional production.

However, there would have to be some discussion and agreement about scope and relevance. By way of example, Unexpected Death exemplar #1 concerns a discrete incident that took place on one day. However, this patient was in the hospital for seven years before that. Defendants fail to see the relevance of producing records from seven years before the incident and certainly it would be burdensome on the hospital to do so.

Therefore, we remain open to potentially expanding the production provided the plaintiff can articulate a reason for doing so. We are happy to meet and conder on this issue at your convenience.

Have a good weekend,

Brion

---

**From:** Craig Ismaili <cismaili@disabilityrightsnj.org>
**Sent:** Wednesday, April 1, 2026 11:22 AM
**To:** Brion D. McGlinn <BMcGlinn@rhwlawfirm.com>; Thomas Hart <THart@rhwlawfirm.com>
**Cc:** Brian Biglin <bbiglin@lawjw.com>; Rubin Sinins <rsinins@lawjw.com>; Bren Pramanik <bpramanik@disabilityrightsnj.org>
**Subject:** Disability Rights New Jersey v. State of New Jersey, et al.

**External sender** <cismaili@disabilityrightsnj.org>
Make sure you trust this sender before taking any actions.

Counsel,

On behalf of Plaintiff, Disability Rights New Jersey, please see the attached letter following up on the Amended Scheduling Order entered by Judge Donio on March 9, 2026.

Best,

**Craig Ismaili**
*Supervising Attorney*
cismaili@disabilityrightsnj.org
direct/vm: **609-363-3429**



210 South Broad Street, Third Floor
Trenton, NJ 08608

800.922.7233 (NJ Only) | 609.292.9742
609.633.7106 (TTY) | 609.777.0187 (FAX)

disabilityrightsnj.org

@disabilityrightsnewjersey    @advocateDRNJ    @disability-rights-nj

**ADVANCING JUSTICE. ADVOCATING INCLUSION.**

This e-mail and any documents accompanying this e-mail may contain information which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named on this e-mail. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail information, is strictly prohibited and that the documents should be returned to Disability Rights NJ immediately. In this regard, if you have received this e-mail in error, please notify us by return e-mail or telephone (609-292-9742) immediately, delete the e-mail and all attachments and destroy all hard copies of same.