## RUPRECHT HART RICCIARDULLI & SHERMAN, LLP
### COUNSELLORS AT LAW
871 Mountain Avenue, Third Floor
Springfield, New Jersey 07081
Telephone (908) 232-4800
Fax (908) 232-4801

LOUIS A. RUPRECHT
THOMAS C. HART*
MICHAEL R. RICCIARDULLI*
RENEE J. SHERMAN*
JUDITH A. WAHRENBERGER
BRION D. McGLINN
JOHN W. GREGOREK
KRISTIN J. BRUMMER
MICHAEL J. DI LEO

JESSICA J. MAHONY
PATRICIA E. VOORHIS
FRANCIS D. ENGRACIA
RICHARD M. FORZANI
LOUIS A. DI LEO
ANDREW C. SMEDBERG
STEVEN F. OLIVO
KEVIN GLENN BORIS

*Certified by the Supreme Court of New Jersey as a Civil Trial Attorney*
OF COUNSEL:
JESSICA M. ANDERSON
DAVID PARKER WEEKS

April 21, 2026

Hon. Ann Marie Donio
United States Magistrate Judge
District of New Jersey
M.H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
4th & Cooper Sts.
Camden, NJ  08101

RE:  Disability Rights New Jersey v. State of New Jersey, NJ DHS, NJ
     Dept. of Health, Sarah Adelman and Kaitlan Baston
     Civil Action No.:  1:24-cv-00949/Our File No.:    5078

Dear Magistrate Donio:

Please accept this letter as defendants' response to the plaintiff's discovery dispute letter of April 13, 2026. The plaintiff claims that the defendants have produced insufficient records concerning the 25 exemplars listed in the plaintiff's complaint. However, as discussed in more detail below, this is simply not true, as defendants have met their obligations under Fed. R. Civ. P. 26 with respect to these discovery demands.

Initially, it should be noted that records have been produced for 24 of the 25 exemplars. The lone exception is an exemplar for whom the allegation is that one patient witnessed another patient fall and nobody assisted the latter patient. Also, the allegation of the exemplar includes

that staff allegedly did not clean the patient's room. After a diligent search, the hospital (Greystone) could not locate any records of such incidents/complaints. Thus, for that one exemplar, there are no records to produce for the corresponding incidents.

For the other 24 exemplars, records have been produced that are proportional to the issue raised in the complaint. There are three categories of exemplars: discharge exemplars, for whom the allegation appears to be that they were not timely or properly discharged from the psychiatric hospitals; conditions exemplars, who allegedly suffered incidents of abuse or neglect such as assaults; and unexpected death exemplars.

For discharge exemplars, defendants have taken the general approach of producing medical records and charts, given that we understand a larger breadth of records would be necessary to understand discharge issues. For unexpected death and conditions exemplars, these are largely singular incidents of alleged abuse or neglect. Therefore, production of those patients' entire medical records, which would consist of tens of thousands of pages of additional documents, would not further or advance the understanding of the issues in controversy, as stated in the plaintiff's complaint. For such patients, we have generally produced records of the specific incidents complained of, including incident reports and medical records as to the specific incident or date.

The plaintiff now submits that they are entitled to each exemplar's *entire* medical chart. Plaintiff also claims that defendants gave the

plaintiff no notice that defendants would not be producing full medical charts for all 25 patients. However, that is not the case. Defendants have been producing exemplar records in this manner since September of 2025, when the first batch of exemplar records was produced, which included incident records only for certain patients. Thus, the plaintiff has been on notice of defendants' approach for many months and has never objected until now.

For the remaining exemplars, defendants submit that production of the full medical records would not be consistent with their obligations under Fed. R. Civ. P. 26(b)(1), in that the additional records are not proportional to the needs of the case, particularly in light of the singular nature of the incidents complained of for certain exemplar patients. For example, one of the exemplars concerns a patient who choked while eating a meal. Production of that patient's entire chart, including what medications the patient was on months or years before the incident, will not inform the issues in controversy and is thus outside the scope of discovery And, conversely, those seemingly unnecessary records would create a tremendous and disproportionate burden to defendants to have to gather, copy and transmit.

To illustrate the undue burden on defendants if they were required to produce what plaintiff demands, one of the exemplars, for whom the allegation is an assault by another patient, has records going back seven years before that incident. Another assault exemplar has been identified as having a chart that is 66,000 pages long. The burden on the defendants

to obtain and copy these charts (which are kept largely in paper form) will be extreme and will be of little, if any, value in establishing the facts relevant to the issue complained of. The burden clearly outweighs any benefit of this discovery.

As shown in the attachments to plaintiff's submission, we have attempted to discuss this issue with the plaintiff and were/are willing to produce some additional records if the scope could be limited to what was reasonable and relevant. The plaintiff has refused to engage in such discussion and is instead taking a maximalist position that the entire record for all exemplars must be produced, without making a proffer as to need or relevance and without engaging in a proper Rule 26 analysis (which, if plaintiff did, it would realize that defendants already met their discovery obligations).

Therefore, we submit that the Court should, respectfully, find that the defendants' production of the exemplar patients' records thus far is sufficient and decline to order any further production as requested by the plaintiff.

Respectfully submitted,

*Thomas C. Hart*

THOMAS C. HART

thart@rhwlawfirm.com

TCH:lb

cc:  All Counsel of Record via ECF

4